IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY L. MACK, # B-53412, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-986-MJR |
| | ) |
| S.A. GODINEZ, WARDEN GATES | ) |
| SGT. FORSTING, DR. FINERMAN, | ) |
| WARDEN REDNOUR, SGT. SCOTT, | ) |
| DR. FAHEEM, WARDEN ATCHINSON, | ) |
| SGT. RHINEHOLD, DR. SHEPHERD, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Faheem, Forsting, Nwaobasi, Rhinehold, Scott and Shepherd showed deliberate indifference to Plaintiff's serious medical needs. Plaintiff suffered from various and overlapping medical conditions which he brought to the attention of Defendants over the course of two years. Plaintiff complains of delay in receiving medication and a bottom bunk permit for pain due to preexisting gunshot wounds. Plaintiff also states his complaints about blood in his stool, beginning about May 2010, have not been timely addressed by medical personnel. Additionally, Plaintiff states that injuries sustained during a fall on July 15, 2011 still cause him pain due to deliberate indifference by defendants. Finally, Plaintiff complains that numerous grievances he has filed about these issues have received no response from prison officials. He names Doctor Finerman, Gordinez, the Director of the Illinois Department of Corrections, Warden Atchinson, and former Wardens

1

Rednour and Gates as defendants. This case is now before the Court for a preliminary review of Plaintiff's operative complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Faheem, Forsting, Nwaobasi, Rhinehold, Shepherd and Scott for deliberate indifference to medical needs. Doctor Nwaobasi shall be added as a defendant in this case.

However, the claims against Defendants Achinson, Finerman, Gates, Gordinez, and Rednour are dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. ***Sanville v. McCaughtry,*** **266 F.3d 724, 740 (7th Cir. 2001) (citations omitted)**. Plaintiff has not alleged that any one of these defendants is "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, Achinson, Finerman, Gates, Gordinez and Rednour are DISMISSED as defendants without prejudice, as plaintiff has failed to state a claim upon which relief can be granted.

**Pending motion**

The Court **DENIES** without prejudice Plaintiff's motion for appointment of counsel (Doc. 2). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants.

*Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication that Plaintiff has even made an effort to obtain counsel on his own much less been effectively precluded from obtaining counsel on his own. Plaintiff may choose to re-file this motion at a later stage in the litigation.

**Disposition**

Defendants Achinson, Finerman, Gates, Gordinez and Rednour are DISMISSED as defendants without prejudice.  The Clerk of Court is **DIRECTED** to add Defendant Nwaobasi as a party in this case.

The Clerk of Court shall prepare for Defendants Faheem, Forsting, Nwaobasi, Rhinehold, Shepherd and Scott:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used

only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into

a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 17, 2012**

<u>s/ MICHAEL J. REAGAN</u>
Michael J. Reagan
United States District Judge