IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY L. MACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12–cv–0986–MJR–SCW |
| | ) |
| SAMUEL NWAOBASI, | ) |
| MAGID FAHIM, and | ) |
| JOHN SHEPHERD, | ) |
| | ) |
| Defendants. | ) |

# ORDER DENYING RULE 59(e) MOTION

**REAGAN, Chief Judge:**

This § 1983 civil rights case comes before the Court on the *pro se* Plaintiff's motion to alter or amend the judgment. Plaintiff filed his complaint in September 2012, broadly alleging deliberate indifference to various medical conditions. Several Defendants were dismissed on § 1915A review, several more because Plaintiff did not exhaust administrative remedies against them, and the Court granted summary judgment to Defendants Nwaobasi, Fahim, and Shepherd in January 2015. The instant motion targets the order granting summary judgment. That order analyzed Plaintiff's medical complaints as follows:

1. As to Plaintiff's hip pain, the record showed Defendants provided Plaintiff constitutionally adequate treatment, including pain medication and a low bunk permit;

1

2. As to Plaintiff's rectal bleeding, Defendants' course of action was at most negligent; and
3. As to Plaintiff's shoulder pain (which resulted from a fall in July 2011), Plaintiff received constitutionally adequate treatment including diagnosis (in the form of X-rays) and treatment (exercises and pain medication).

Reconsideration under Rule 59(e) is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Plaintiff's motion seeks nothing more than that.

Plaintiff renews his argument that a low gallery permit (in addition to the low bunk permit and drugs) was necessary, and that his subsequent fall proved as much. But the federal courts will not interfere with a doctor's decision to pursue a particular course of treatment unless that decision calls into question whether the doctor actually was exercising his professional judgment. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). That Defendants' professional judgment was ultimately proven wrong does not put that judgment out of constitutional bounds.

Regarding his rectal bleeding, Plaintiff now says Defendants should have given him a special diet, and assessed his "fiber accessibility"—that they failed to do so, according to Plaintiff, means they did "nothing." Plaintiff further claims that he sent several complaints to Defendant Fahim requesting special cafeteria meals. Again, Defendants are entitled to deference in their medical decisions, and here—where the

record reflects multiple examinations, multiple stool samples, regular monitoring, and an eventual recommendation of dietary change—the record simply reflects disagreement between the prisoner and his doctors. That does not suffice to establish a constitutional violation. *Id.*

Finally, Plaintiff takes issue with summary judgment as to his shoulder-related claims because (he argues) had his hip problems been treated correctly (i.e., with a low gallery permit), he never would have fallen and hurt his shoulder. In other words, any constitutional claim regarding his shoulder injury is wholly dependent on constitutional inadequacy of treating his hip. Under the summary judgment standard, as discussed above, a factfinder could infer Defendants were incorrect or negligent when they declined to give Plaintiff a low gallery permit. But given the abundant record that Defendants *did* monitor and assess Plaintiffs' hip problems, that factfinder could not conclude that recommending a low bunk permit and prescribing painkillers (but no low gallery permit) was "so significant a departure from accepted professional standards or practices that it calls into question whether the doctor was exercising his professional judgment." *Id.*

**MOTION (Doc. 120) DENIED**. This Order renders **MOOT** Plaintiff's Motion for Status (**Doc. 128**).

IT IS SO ORDERED.
DATE: <u>August 31, 2015</u>     s/ *Michael J. Reagan*
                                 **MICHAEL J. REAGAN**
                                 Chief Judge, U.S. District Court